UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMILY WILSON,

               Plaintiff,

- against –

MMC EAST, LLC d/b/a PORSCHE HUNTINGTON, BRIAN MILLER, JOHN KAUFMAN, and SHAUN TJEPKEMA, individually and as an aider and abettor,

               Defendants.

SECOND AMENDED COMPLAINT

Case No.: 21-cv-6074 (JMA) (JMW)

Jury Trial Demanded

Plaintiff, **EMILY WILSON**, by and through her attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, money damages and affirmative relief based upon the Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*; and the Corporate Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e *et. seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296 *et seq.* (McKinney 1993 & 2001 supp.), and other appropriate rules, regulations, statutes and ordinances. Plaintiff also brings this action to recover declaratory, monetary and affirmative relief based upon violations of the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296, *et seq.* (McKinney 1993 & 2001 supp.) committed by individual Defendant **SHAUN TJEPKEMA** in his

capacity as aider and abettor, and additional causes of action arising under other rules, regulations, statutes and ordinances.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. § 1331. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

5. Plaintiff, Emily Wilson (hereinafter "Plaintiff" or "Ms. Wilson"), was at all times relevant herein a domiciliary of the State of New York, residing in Suffolk County.

6. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 29 U.S.C. § 203(e), 42 U.S.C. § 2000e(f), and § 190(2) of the NYLL, a "commission salesman" within the meaning of § 190(6) of the NYLL and a "person" within the meaning of 42 U.S.C. § 2000e(a), and § 292(1) of the NYSHRL.

7. Upon information and belief, Defendant MMC East, LLC d/b/a Porsche Huntington (hereinafter "Porsche Huntington" or the "Company") is a domestic corporation located at 855 E. Jericho Turnpike, Huntington Station, New York 11746.

2

8. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington has been an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), § 190(3) of the NYLL and § 292(5) of the NYSHRL.

9. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington is an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1).

10. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level that are separately stated).

11. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington, employed more than two (2) employees engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i), and (j) in connection with the operations as a car dealership.

13. Upon information and belief, at all times relevant to the Complaint, Defendant Brian Miller (hereinafter "Defendant Miller" or "Miller") was and is the Owner of Porsche Huntington.

3

14. Upon information and belief, at all times relevant to the Complaint, Mr. Miller was and is an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

15. Upon information and belief, at all times relevant to the Complaint, Defendant John Kaufman (hereinafter "Defendant Kaufman" or "Kaufman") was and is the Vice President of Porsche Huntington.

16. Upon information and belief, at all times relevant to the Complaint, Mr. Kaufman was and is an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

17. Upon information and belief, at all times relevant to the Complaint, Defendant Shaun Tjepkema (hereinafter "Defendant Tjepkema" or "Tjepkema") was and is the General Manager of Porsche Huntington, who is being sued in his individual capacity and as an aider and abettor under NYSHRL § 296(6).

18. Upon information and belief, at all times relevant to the Complaint, Mr. Tjepkema was and is an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

IV. FACTS

19. Plaintiff repeats and realleges each and every allegation previously contained herein.

4

20. Plaintiff is female.

21. Plaintiff was employed by Porsche Huntington, a car dealership, from approximately October 1, 2019 through April 27, 2021.

22. Plaintiff was hired by Defendants as a Service Advisor and remained in that role until her separation in April 2021.

23. Defendant failed to provide Plaintiff with written notice of her wage rate upon her hire in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

24. As a Service Advisor, Plaintiff's pay was based entirely on commissions from sales made through the service department of the Dealership.

25. While employed with Porsche Huntington, Plaintiff received a weekly draw of $500.00 regardless of how many hours she worked. As a full-time employee, Plaintiff worked at least 50 hours per week but at times worked as much as 60 hours.

26. In addition, for a period of approximately six (6) weeks, from mid-October through December 2020, Plaintiff worked six (6) days per week approximately thirteen (13) hours per day with no breaks or meal periods. During this period, Plaintiff worked approximately 78 hours per week.

27. Plaintiff's hourly wage fell below the applicable minimum wage for each week during this period in which she only received her draw.

28. Reconciliation and payment of commissions was done on a monthly basis and any amounts paid *via* draw were deducted from payments made, if any.

29. Porsche Huntington regularly made deductions from Plaintiff's commissions, altering the commissions due to her, beyond the terms of her agreement and previously authorized deductions. As such, Plaintiff did not receive all commissions due to her each month she was employed by Porsche Huntington.

30. By way of example, in practice, each month the service advisor sales goal would fluctuate depending on the number of advisors currently employed by the Dealership.  Less advisors created higher sales goals.  This sales goal was ultimately used to determine Plaintiff's commission percentage – the closer Plaintiff was to the goal, the higher the commission percentage.  Plaintiff was never advised of this fluctuation nor was it memorialized in her written pay plan.  Plaintiff was not aware of the fluctuation until she was the only advisor on staff and was required to make the same amount of sales as three advisors in order to reach a higher commission percentage tier.  In these months, even though Plaintiff was working more, and making more sales, she was receiving less, to the benefit of her employer.

31. Plaintiff complained about the fluctuating commission percentages but was told this is how the commission bonus structure is determined; i.e. earning 5%, 8% or 10% commission.

32. Defendants switched sales out of Plaintiff's name and into the name of her male colleagues in order to avoid paying her commissions.

33. Specifically and by way of example, Plaintiff had written a large repair order ticket prior to her getting sick with COVID-19.  Although Plaintiff had made the sale, and completed all the work necessary to effectuate same, the ticket was

6

closed out in a male colleague's name while Plaintiff was out sick. Closing out the ticket in her male colleague's name meant that he, and not Plaintiff, received commission on the sale.

34. Upon Plaintiff's return from COVID-19 leave and receipt of her commission check, Plaintiff learned of Defendant Porsche Huntington's actions and complained – demanding that she be paid the commission she had earned, and that it not be arbitrarily given to a male colleague.

35. Upon information and belief, eventually, the ticket was properly closed out and Plaintiff was paid the commission she earned and to which she was entitled.

36. In addition, Plaintiff's supervisor advised her that she had all certifications required to earn commission in a higher tier. However, upon reconciliation of commission for the month of December 2020, which occurred in January 2021, Plaintiff realized she had been shorted 3% commission on her sales. When she inquired as to why she was earning in a different commission tier, she was advised that although being previously advised of meeting all requirements and certifications, she would not get the higher amount.

37. Around this time, Plaintiff learned of rumors being spread through the dealership of a purported relationship between herself and a service technician.

38. Upon information and belief, Defendant Tjepkema was responsible for these rumors.

39. Shortly after making the complaints regarding her pay and distributing her earned commissions to a male colleague, and the rumors, on or about February 5,

2021, Plaintiff received a pretextual and retaliatory written Employee Warning for "insubordination" and "violation of company policies and procedures". In sum and substance, Plaintiff was reprimanded for sending a repair job to one collision body shop over another – even though the Dealership works with both shops. Notwithstanding the nature of the violation identified in the Employee Warning, Plaintiff was never advised, either verbally or by way of a formal policy, that repairs were required to be sent to a specific body shop.

40. Although it was Plaintiff's supervisor who signed the write-up, Plaintiff was advised that Defendant Tjepkema had demanded Plaintiff be written up.

41. In addition to the foregoing, Porsche Huntington regularly presented male service advisors with more opportunities for sales.

42. By way of example, on or about April 15, 2021, Defendant Tjepkema, the General Manager learned of a transmission repair that was on its way to the dealership. Although Plaintiff's male counterpart was only scheduled until 5 p.m. and Plaintiff was scheduled to work until the close of the dealership, Tjepkema texted the male service advisor to tell him to "stick around" because he had a big job coming in. The male service advisor stayed beyond his working hours and was given the Repair Order when it came in.

43. Following this incident, on or about April 16, 2021, Plaintiff lodged a complaint with ADP, the designated receiver of HR complaints, and the company responsible for the Dealership's payroll and human resources. Plaintiff followed up with ADP two (2) times following her initial call since the complained of behavior was

still occurring. However, Plaintiff never received a return call and no investigation was opened.

44. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of receipt of a Notice of Right to Sue; issued by the EEOC on February 24, 2022, attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. Defendants failed to compensate Plaintiff at the applicable minimum wage during certain pay periods.

47. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to Plaintiff in an amount to be determined at trial.

48. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant Porsche Huntington.

## SECOND CLAIM FOR RELIEF
### (Title VII – Sex Discrimination)

49. Plaintiff repeats and realleges each and every allegation previously contained herein.

9

50. Plaintiff has been discriminated against by Porsche Huntington on the basis of her sex in violation of Title VII, in that the Company engaged in a course of conduct including, but not limited to, creating inferior terms, conditions, and privileges of Plaintiff's employment because of her sex.

51. Plaintiff has been discriminated against by Porsche Huntington on the basis of her sex in violation of Title VII, in that the Company limited the sales opportunities of female employees, directed sales opportunities away from female employees, and attempted to close out sales made by female employees to the benefit of male employees.

52. As a proximate result of Defendant Porsche Huntington's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, and other employment benefits.

53. As a further proximate result of Defendant Porsche Huntington's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

54. The conduct of Porsche Huntington was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Title VII – Retaliation)

55. Plaintiff repeats and realleges each and every allegation contained herein.

56. Defendant Porsche Huntington retaliated against Plaintiff in violation of Title VII for making a lawful complaint regarding acts of sex discrimination to which she was subjected, including but not limited to Defendant distributed her earned commissions to male employees, which resulted in a pretextual disciplinary write up.

57. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

58. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

59. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – New York Labor Law Violation)

60. Plaintiff repeats and realleges each and every allegation contained herein.

61. Defendants failed to compensate Plaintiff at the applicable minimum wage during certain pay periods.

62. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to Plaintiff in an amount to be determined at trial.

11

63. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Deductions from Commissions – NYLL Violation)

64. Plaintiff repeats and realleges each and every allegation previously contained herein.

65. During Plaintiff's tenure, Defendants made unlawful deductions from Plaintiff's commissions in violation of New York Labor Law § 193.

66. As a proximate result of these unlawful deductions, Defendants failed to provide Plaintiff with all of her earned sales commissions.

67. Plaintiff did not receive payment of all commissions that she earned while an employee of Defendants.

68. Consequently, by failing to pay Plaintiff her earned sales commission, Defendants violated the New York Labor Law § 191(1)(c).

69. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid commissions, interest, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (NYLL – Retaliation)

70. Plaintiff repeats and realleges each and every allegation previously contained herein.

71. Defendant Porsche Huntington retaliated against Plaintiff for making complaints regarding her pay, which resulted in pretextual disciplinary write ups in violation of New York Labor Law § 215.

72. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

73. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

74. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, and liquidated damages and attorney fees all in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### (Failure to Provide Wage Notice - New York Wage Theft Prevention Act Violation)

75. Plaintiff repeats and re-alleges each and every allegation contained herein.

76. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form."

77. Defendant did not provide Plaintiff with a wage notice upon her hire, as

13

required by NYLL § 195.

78. Plaintiff did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

79. For the foregoing reasons, Defendant violated NYLL § 195 and is subject to the maximum penalty for violations NYLL § 195.

### EIGHTH CLAIM FOR RELIEF
### (NYSHRL – Sex Discrimination)

80. Plaintiff repeats and realleges each and every allegation previously contained herein.

81. Plaintiff has been discriminated against by Porsche Huntington on the basis of her sex in violation of the NYSHRL, in that the Company engaged in a course of conduct including, but not limited to, creating inferior terms, conditions, and privileges of Plaintiff's employment because of her sex.

82. Plaintiff has been discriminated against by Porsche Huntington on the basis of her sex in violation of the NYSHRL, in that the Company limited the sales opportunities of female employees, directed sales opportunities away from female employees, and attempting to close out sales made by female employees to the benefit of male employees.

83. As a proximate result of Defendant Porsche Huntington's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, and other employment benefits.

84. As a further proximate result of Defendant Porsche Huntington's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

85. The conduct of Porsche Huntington was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

### NINTH CLAIM FOR RELIEF
(NYSHRL – Retaliation)

86. Plaintiff repeats and realleges each and every allegation contained herein.

87. Defendant Porsche Huntington retaliated against Plaintiff in violation of the NYSHRL for making a lawful complaint regarding acts of sex discrimination to which she was subjected, including but not limited to Defendant distributing Plaintiff's earned commissions to male employees, which resulted in a pretextual disciplinary write up.

88. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

89. As a proximate result of Defendant Porsche Huntington's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

90. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
### (NYSHRL – Shaun Tjepkema - Aider and Abettor)

91. Plaintiff repeats and realleges each and every allegation contained herein.

92. The unlawful acts contained herein were aided and abetted by Defendant Tjepkema in violation of § 296(6) of the NYSHRL.

93. As a proximate result of Tjepkema's actions, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

94. As a further proximate result of Tjepkema's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

95. The conduct of Tjepkema was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of injunctive and equitable relief and an award of compensatory, punitive damages and attorney fees from Defendant Tjepkema in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
### (NYLL – Failure to Pay Overtime)

96. Plaintiff repeats and realleges each and every allegation contained herein.

97. Under the New York Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff 1.5 times the applicable minimum wage rate for all hours she worked in excess of forty (40) per workweek.

98. Defendants failed to pay Plaintiff the overtime wages to which she was entitled, in violation of the New York Labor Law.

99. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff overtime.

100. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### TWELFTH CLAIM FOR RELIEF
### (NYLL – Failure to Pay Spread of Hours)

101. Plaintiff repeats and realleges each and every allegation contained herein.

102. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

103. Upon information and belief, Defendants failed to pay Plaintiff an additional hour's pay at the minimum wage rate when she worked more than ten (10) hours in a day.

104. Plaintiff regularly worked in excess of ten (10) hours per day without receiving an additional hour's pay at the minimum hourly rate.

105. Consequently, by failing to pay an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

106. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRTEENTH CLAIM FOR RELIEF
### (NYLL – Failure to Provide Wage Statements Under NYLL 195(3))

107. Plaintiff repeats and realleges each and every allegation contained herein.

108. Defendants willfully failed to supply Plaintiff with a wage statement with each payment of wages that accurately contained all information required under N.Y. Lab Law § 195.3.

109. Specifically, Plaintiff was not provided with a wage statement that the total number of hours that she worked or her overtime rate of pay.

110. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff is entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## V. DEMAND FOR JURY TRIAL

111. Plaintiff repeats and realleges each and every allegation contained herein.

112. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory and unlawful conduct and actions of Defendants herein alleged, Plaintiff demands:

a. On the First, Fourth, and Fifth Claims for Relief, an award of damages against Defendants for Plaintiff's actual damages in an amount to be determined at trial plus interest;

b. On the Second, Third, Sixth, Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims for Relief, an award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

c. On the Seventh and Thirteenth Claims for Relief, an award up to the maximum penalty for violations under NYLL § 195;

d. Porsche Huntington, its agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

e. Plaintiff be awarded compensatory, liquidated and punitive damages, where applicable by statute, all in an amount to be determined at trial;

f. Defendants be ordered to pay Plaintiff pre and post judgment interest;

    g. Defendants be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

    h. Plaintiff be awarded such other and further relief as the court deems just and proper.

Dated:  March 9, 2023
          Bohemia, New York

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

By: *Ryan Eden*
Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel:  (631) 589-7242
Fax:  (631) 563-7475
SZabell@laborlawsny.com
REden@laborlawsny.com