UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EMILY WILSON,

                           Plaintiff,

          -against-

MMC EAST, LLC d/b/a PORSCHE
HUNTINGTON, BRIAN MILLER, JOHN
KAUFMAN, and SHAUN TJEPKEMA,
*individually and as an aider and abettor,*

                       Defendants.

----------------------------------------------------------------X

**Case No.: 2:21-cv-6074-JMA-JMW**

**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

       Defendants MMC East, LLC d/b/a Porsche Huntington ("MMC East"), Brian Miller, John

Kaufman, and Shaun Tjepkema (collectively "Defendants"), by and through their attorneys of

record, Gordon Rees Scully Mansukhani, LLP, state the following as and for their answer and

other defenses to the Second Amended Complaint ("Complaint") of Plaintiff Emily Wilson

("Plaintiff"), filed with the Court on March 9, 2023 (ECF Doc. 44):

## I.    <u>PRELIMINARY STATEMENT</u>

       1.     Paragraph 1 of the Complaint contains a summary of Plaintiff's claims and calls for

legal conclusions to which no response is required. To the extent a response is deemed required,

Defendants deny any inference of liability and leave Plaintiff to her proofs.

## II.    <u>JURISDICTION & VENUE</u>

       2.     Defendants admit that this Court has original jurisdiction over Plaintiff's federal

law claims and that the Court may, in its discretion, exercise supplemental jurisdiction over

Plaintiff's state law claims.

3.      Defendants admit that venue is proper in the United States District Court for the Eastern District of New York.

4.      Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs. Defendants respectfully refer the Court to 28 U.S.C. §§ 2201 and 2202 for an accurate statement of their contents and for their application to this case, if any.

### III.    PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

7.      Defendants deny the allegation that MMC East "is a domestic corporation" and admit the remainder of the allegations set forth in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

9.      Paragraph 9 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

10.     Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendants admit the allegation that "at all times relevant to the Complaint, Porsche Huntington employed more than two (2) employees." The remainder of the allegations set forth in

Paragraph 11 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

12.     Defendants admit the allegation that "at all times relevant to the Complaint, Porsche Huntington employed employees, including Plaintiff." The remainder of the allegations set forth in Paragraph 12 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

15.     Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

17.     Defendants admit the allegation that "at all times relevant to the Complaint, Defendant Shaun Tjepkema . . . was and is the General Manager of Porsche Huntington." The remainder of the allegations set forth in Paragraph 17 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required to those allegations, Defendants deny any inference of liability and leave Plaintiff to her proofs.

18.     Paragraph 18 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

## IV.   FACTS

19.     As their response to Paragraph 19 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendants admit the allegation set forth in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants admit the allegation that "Plaintiff . . . remained in that role until her separation in April 2021" and deny the remainder of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants admit the allegation that "Plaintiff's pay was based entirely on commissions from sales made through the service department of the Dealership" and deny the remainder of the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint sets forth factual and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 of the Complaint, deny any inference of liability, and leave Plaintiff to her proofs, including Exhibit A to the Complaint, which speaks for itself and to which Defendants respectfully refer the Court for said exhibit's import and application to this case, if any.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage - FLSA Violation)**

45.     As their response to Paragraph 45 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 44 above as if fully set forth herein.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Title VII – Sex Discrimination)**

49.     As their response to Paragraph 49 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 48 above as if fully set forth herein.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Title VII – Retaliation)**

55.     As their response to Paragraph 55 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 54 above as if fully set forth herein.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage - New York Labor Law Violation)**

60.     As their response to Paragraph 60 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 59 above as if fully set forth herein.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Unlawful Deductions from Commissions - NYLL Violation)**

64.     As their response to Paragraph 64 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 63 above as if fully set forth herein.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(NYLL - Retaliation)**

70.     As their response to Paragraph 70 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 69 above as if fully set forth herein.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Failure to Provide Wage Notice – New York Wage Theft Prevention Act Violation)**

75.     As their response to Paragraph 75 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 74 above as if fully set forth herein.

76.     Paragraph 76 of the Complaint purports to quote from The New York Wage Theft Prevention Act, to which no response is required. Defendants respectfully refer the Court to The New York Wage Theft Prevention Act for an accurate statement of its content and for its application to this case, if any. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (NYSHRL – Sex Discrimination)

80.     As their response to Paragraph 80 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 79 above as if fully set forth herein.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

## NINTH CLAIM FOR RELIEF
### (NYSHRL – Retaliation)

86.     As their response to Paragraph 86 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 85 above as if fully set forth herein.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

**TENTH CLAIM FOR RELIEF**
**(NYSHRL – Shaun Tjepkema – Aider and Abettor)**

91.     As their response to Paragraph 91 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 90 above as if fully set forth herein.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**
**(NYLL – Failure to Pay Overtime)**

96.     As their response to Paragraph 96 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 95 above as if fully set forth herein.

97.      Paragraph 97 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

**TWELFTH CLAIM FOR RELIEF**
**(NYLL – Failure to Pay Spread of Hours)**

101.    As their response to Paragraph 101 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 100 above as if fully set forth herein.

102.      Paragraph 102 of the Complaint purports to quote from NYCRR, to which no response is required. Defendants respectfully refer the Court to NYCRR for an accurate statement of its content and for its application to this case, if any. To the extent a response is deemed required, Defendants deny any inference of liability and leave Plaintiff to her proofs.

103.      Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.      Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.      Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.      Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

### THIRTEENTH CLAIM FOR RELIEF
### (NYLL – Failure to Provide Wage Statements Under NYLL 195(3)

107.      As their response to Paragraph 107 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 100 106 above as if fully set forth herein.

108.      Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 109 of the Complaint.

110.      Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

### V.      DEMAND FOR JURY TRIAL

111.      As their response to Paragraph 111 of the Complaint, Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1 through 110 above as if fully set forth herein.

112.      Defendants admit that Plaintiff seeks a trial by jury only to the extent that the claims asserted in the Complaint are so triable under the laws of the United States and the Local Rules of the District Court for the Eastern District of New York.

113.   Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause on pages 19-20 of the Complaint or to any other damages or relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

### FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies, including, but not limited to, to the extent that the allegations contained in the Second Amended Complaint exceed the scope of the underlying charge of discrimination and/or that Plaintiff failed to timely and/or properly file the charge itself.

### THIRD DEFENSE

Plaintiff's claims may not be maintained, in whole or in part, because of payment, including, but not limited to, Plaintiff's having received all compensation to which she was entitled under the applicable laws and employment policies.

### FOURTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, on the ground that a defense is founded upon documentary evidence.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or limitations periods.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH DEFENSE**

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under federal, New York State, and local laws and their implementing regulations.

**ELEVENTH DEFENSE**

Defendants' actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on written administrative regulations, orders, ruling approvals, interpretations, and/or administrative practices or policies pursuant to federal, New York State, and local laws.

**TWELFTH DEFENSE**

At all relevant times, Defendants conducted themselves in full compliance with all requirements and obligations imposed by law, including all federal, state, city, and local laws, administrative rules, statutes, ordinances, and regulations, and this compliance bars Plaintiff from bringing the claims asserted in her Complaint.

**THIRTEENTH DEFENSE**

Defendants made all determinations and undertook all actions based upon legitimate, non-discriminatory, and non-retaliatory reasons.

## FOURTEENTH DEFENSE

Even if Plaintiff were entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on her failure to mitigate said damages.

## FIFTEENTH DEFENSE

Plaintiff cannot establish that she was treated less well than similarly situated employees outside of her alleged protected classifications or categories.

## SIXTEENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory, harassing, and/or retaliatory conduct in the workplace.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties or individuals acting outside the scope of their employment for whom Defendants cannot be rendered legally responsible.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## NINETEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendants and also unreasonably failed to avoid any alleged harm.

## TWENTIETH DEFENSE

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") should be dismissed, in whole or in part, pursuant to Section 10 of the Portal-to-Portal Act, because all of Defendants' challenged actions and/or omissions were taken in good faith and in conformity with and in

reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor or other pertinent administrative practice or enforcement policy of the Division.

### TWENTY-FIRST DEFENSE

Defendants at all times acted in good faith and had reasonable grounds for believing their pay practices complied with the FLSA and the New York Labor Law ("NYLL").

### TWENTY-SECOND DEFENSE

If Plaintiff sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment, statutory exclusions, exceptions, or credits to offset all obligations of the Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

### TWENTY-THIRD DEFENSE

Defendants state, in the alternative if necessary, that even if they failed to pay Plaintiff for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the NYLL or the FLSA, and furthermore, such activities were neither an integral and indispensable part of Plaintiff's principal activities of employment nor suffered or permitted by Defendants for their primary benefit and are, therefore, not compensable.

### TWENTY-FOURTH DEFENSE

Plaintiff's tenth claim for relief should be dismissed because it fails to identify the unlawful acts Defendant Tjepkema allegedly aided and abetted or the manner of the alleged aiding and abetting.

### TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to any relief under the FLSA or the NYLL because she was fully and justly compensated for all of the time that she was suffered or permitted to work.

### TWENTY-SIXTH DEFENSE

At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiff's rights and/or retaliate against Plaintiff.

### TWENTY-SEVENTH DEFENSE

Defendants have not violated any rights, privileges, or immunities of Plaintiff under any federal, state, or local laws.

### TWENTY-EIGHTH DEFENSE

Some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of minimum wage or overtime.

### TWENTY-NINTH DEFENSE

Plaintiff is precluded from obtaining injunctive relief, either in whole or in part, because Plaintiff has not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

### THIRTIETH DEFENSE

Plaintiff is precluded from recovering attorneys' fees, liquidated damages, and any other form of supplemental damages from Defendants under applicable provisions of law for some or all of her claims.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Defendants.

### THIRTY-SECOND DEFENSE

If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including, without limitation, Plaintiff's failure to inform her supervisors of all time worked or to complain to the Defendants about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid minimum wages, overtime wages, or otherwise. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that her culpable conduct contributed to the alleged damages.

### THIRTY-THIRD DEFENSE

Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities.

### THIRTY-FIFTH DEFENSE

If Plaintiff were entitled to recover additional compensation, which Defendants expressly deny, Defendants acted in good faith and without intent or willfulness in believing that they were, at all times, properly compensating Plaintiff and complying with all applicable provisions of the

FLSA and NYLL, and Defendants assert a lack of willfulness or intent to violate the applicable law as a defense to any claim by Plaintiff for liquidated damages and/or for the application of a three-year statute of limitations period.

### THIRTY-SIXTH DEFENSE

Even if Plaintiff were to prevail, her claims for liquidated damages and interest under federal and state law are barred to the extent that these forms of relief are duplicative of each other.

### THIRTY-SEVENTH DEFENSE

To the extent that any acts or omissions giving rise to this case were done in good faith and with reasonable grounds to believe that the actions or omissions were not a violation of the provisions of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act.

### THIRTY-EIGHTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that might be alleged to be due to Plaintiff.

### THIRTY-NINTH DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants.

### FORTIETH DEFENSE

Defendant Brian Miller is not liable under the FLSA or NYLL in his individual capacity because he was not Plaintiff's "employer" under the FLSA or NYLL.

## FORTY-FIRST DEFENSE

Defendant John Kaufman is not liable under the FLSA or NYLL in his individual capacity because he was not Plaintiff's "employer" under the FLSA or NYLL.

## FORTY-SECOND DEFENSE

Defendant Shaun Tjepkema is not liable under the FLSA or NYLL in his individual capacity because he was not Plaintiff's "employer" under the FLSA or NYLL.

## FORTY-THIRD DEFENSE

Plaintiff was provided with all required information, notices, and materials in accordance with the FLSA and NYLL.

## FORTY-FOURTH DEFENSE

Pursuant to NYLL § 198, Defendants are not liable for a mere technical violation of such statute, if applicable, because complete and timely payments of all wages due were made to Plaintiff during Plaintiff's employment and, as such, Plaintiff suffered no actual injury as a result of any alleged failure by Defendants to give Plaintiff the required notices thereunder.

## FORTY-FIFTH DEFENSE

At all relevant times hereto, Plaintiff's compensation had been in accordance with each and every provision of the FLSA and NYLL.

## FORTY-SIXTH DEFENSE

The conduct complained of by Plaintiff consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

## FORTY-SEVENTH DEFENSE

Plaintiff has not suffered any legally cognizable damages.

## FORTY-EIGHTH DEFENSE

To the extent that deductions were made from Plaintiff's wages, such deductions did not cause Plaintiff's wages to fall below the minimum or overtime wage amounts required to be paid to her under the FLSA and/or NYLL.

## FORTY-NINTH DEFENSE

To the extent that deductions were made from Plaintiff's wages, such deductions were made pursuant to a written authorization or agreement by Plaintiff.

## FIFTIETH DEFENSE

To the extent that Plaintiff has received other benefits, awards, and/or payments attributable to an injury for which she seeks compensation in this case, any benefits and/or award she receives for said injury should be offset in whole or in part by such benefits and/or awards.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

## FIFTY-SECOND DEFENSE

Plaintiff fails to state a claim upon which exemplary or punitive damages may be awarded.

## FIFTY-THIRD DEFENSE

Any employment decisions affecting Plaintiff were made without regard to her gender, and Defendants in no way discriminated or retaliated against Plaintiff on that basis.

## FIFTY-FOURTH DEFENSE

Plaintiff cannot establish that she engaged in any protected activity to support a retaliation claim under the FLSA, NYLL, Title VII, or the New York State Human Rights Law ("NYSHRL").

## FIFTY-FIFTH DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity provided under the FLSA, NYLL, Title VII, and the NYSHRL.

## FIFTY-SIXTH DEFENSE

Damages sought by Plaintiff, including, but not limited to, future earnings and benefits, are speculative and not subject to accurate assessment.

## FIFTY-SEVENTH DEFENSE

To the extent that Plaintiff has allegedly suffered "embarrassment, humiliation and anguish," which allegations Defendants expressly deny, such emotional distress damages are, at most, garden variety in nature.

## FIFTY-EIGHTH DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer, to raise additional affirmative and other defenses or to pursue any available counterclaims against Plaintiff.

**WHEREFORE,** Defendants respectfully request that the Court enter a judgment:

1.      dismissing the Complaint in its entirety with prejudice;

2.      granting to Defendants their costs, including attorneys' fees, incurred in this case; and

3.      granting to Defendants such other and further relief as the Court may deem just, proper, and equitable.

**********

Dated:        New York, New York
              April 7, 2023


                                   Respectfully submitted,
                                   **GORDON REES**
                                   **SCULLY MANSUKHANI, LLP**

                                   B y :  */s/ David J. Grech*
                                   David J. Grech
                                   Andrew Ross Sack
                                   One Battery Park Plaza, 28th Floor
                                   New York, NY 10004
                                   (212) 269-5500
                                   dgrech@grsm.com
                                   asack@grsm.com

                                   *Attorneys for Defendants*


To: All Attorneys of Record (via ECF)